ZENITH RADIO CORPORATION, ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Before LANDIS, *Judge.*

Consolidated Court No. 81-6-00734

(Dated October 15, 1981)

LANDIS, *Judge:* In this action pursuant to section 516A(a)(2) of the Tariff Act of 1930, as amended (19 U.S.C. § 1516a (a)(2)), the following applicants move for leave to intervene pursuant to Rule 24(a):

Sanyo Electric Inc.; Hitachi, Ltd.; Hitachi Sales Corporation of America; Hitachi Sales Corporation of Hawaii; Mitsubishi

Electric Corporation of Tokyo, Japan; Mitsubishi Electric Sales America, Inc. of Compton, California; Nippon Electric Co., Ltd. of Tokyo, Japan; NEC America, Inc. of Elk Grove, Illinois; Toshiba Corporation; Toshiba America, Inc.; Toshiba Hawaii, Inc.; Matsushita Electric Industrial Co., Ltd., Panasonic Company and Quasar Company (divisions of Matsushita Electric Corporation of America); Panasonic Hawaii, Inc.; Panasonic Sales Company (a division of Matsushita Electric of Puerto Rico, Inc.); Victor Company of Japan, Limited; and U.S. JVC Corp.

These various motions to intervene are consolidated herein for purposes of this decision. All proposed intervenors have served an answer to the *Zenith* complaint accompanying their motion to intervene.

A related action brought by the Committee to Preserve American Color Television (Compact) and Imports Committee, Tube Division, Electronic Industries Association (Electronic) was consolidated with this action by court order dated August 24, 1981.

Plaintiffs Compact and Electronic oppose the intervention motions on the grounds that the moving intervenors have not accompanied their intervention motions with a proposed pleading, namely, an answer to the Compact/Electronic complaint, as required by Rule 24(c).[1]

In view of the fact that this action has been consolidated and all proposed applicants have answered one complaint (Zenith), and the further fact that Congress intended that this type of dumping review proceeding be handled expeditiously and with preference over other matters, 28 U.S.C. § 2647(4), it would be an inappropriate exercise of judicial discretion to deny these motions on such technical grounds which could be appropriately cured by renoticing the instant motions with the proper papers in support thereof. Such disposition would be both a waste of judicial time and economy and cause unnecessary expense to all parties involved.

Accordingly, the motions to intervene are granted *on condition that* the moving applicants serve an answer or otherwise move with respect to the Compact/Electronic complaint within twenty (20) days of entry of this order.

---

[1] Plaintiffs Compact and Electronic do not contest the proposed intervenors substantive right to intervene. All applicants herein have an absolute right to intervene as they are interested parties as defined by section 771(9)(A) of the Tariff Act of 1930, as amended [19 U.S.C. § 1677(9)(A)], and have standing as a matter of unconditional right pursuant to 28 U.S.C. § 2631(j)(1)(B) having participated in the administrative proceedings resulting in determinations under review before the court.